**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| JOHN MILITO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INFOSYS LIMITED, a foreign profit corporation doing business as INFOSYS TECHNOLOGIES LIMITED; and DOES 1¬20, as yet unknown Washington entities,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL**<br><br>*[Removed from the Superior Court of the State of Washington in and for the County of King, Case No. 25-2-16711-9 SEA]* |

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Defendant Infosys Limited ("Infosys"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed in King County Superior Court, Case No. 25-2-16711-9. In support of this Notice of Removal, Stryker states the following

**I.    STATE COURT ACTION**

1.    On June 4, 2025, Plaintiff John Milito ("Plaintiff") commenced this action by filing a "Class Action Complaint for Discrimination" in King County Superior Court, where it was

NOTICE OF REMOVAL - 1

1. assigned Case No. 25-2-16711-9 SEA ("State Court Action"). Declaration of Kyle D. Nelson in Support of Notice of Removal ("Nelson Decl.") at Ex. A ("Complaint").

2. With this Notice, Infosys files a true and correct copy of all process, pleadings, orders, and other records either served on Infosys or filed in the State Court Action. *Id.* at Ex. B.

3. According to Plaintiff's Declaration of Service, Plaintiff served a copy of the Summons, Complaint, Case Information Cover Sheet and Area Designation, and Order Setting Civil Case Schedule on Infosys on June 6, 2025. *Id*. at Ex. B.

4. Infosys files this Notice of Removal on June 26, 2025, which is within the 30-day period following its receipt of the Summons and Complaint. *Id*. at ¶3.

5. Infosys has not voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of King related to the above-captioned matter. *Id*. No further proceedings have been had in the state court as of the date of this Notice. *Id*. at ¶4.

## II. PLAINTIFF'S CLASS ACTION ALLEGATIONS

6. Plaintiff purports to bring this action as a putative class action. Complaint at ¶39. Plaintiff seeks to represent "All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Infosys Limited, where the job posting did not disclose a wage scale or salary range, and/or a general description of all of the benefits and other compensation to be offered to the hired applicant." *Id*.

7. Plaintiff asserts one claim against Infosys under the Equal Pay and Opportunities Act ("EPOA") for a purported violation of Wash. Rev. Code § 49.58.110. *Id.* at ¶¶47-53. Specifically, Plaintiff alleges that "[he] and more than 40 Class members applied for job openings with Defendant for positions located in Washington where the postings did not disclose the wage scale or salary range being offered." *Id.* at ¶21. Plaintiff alleges that "some, if not all, of [Infosys's] job postings" lack pay information. *Id.* at ¶22.

8. Plaintiff seeks $5,000 in statutory damages for himself and each putative class member. *Id.* at ¶¶38, 52, 55. He also seeks his attorneys' fees and costs. *Id.* at ¶¶38, 53, 56.

NOTICE OF REMOVAL - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

# III. GROUNDS FOR REMOVAL

9. Infosys removes this matter based on: (A) 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"); and (B) 28 U.S.C. § 1332(a), diversity jurisdiction.

**A. CAFA Jurisdiction**

10. Under CAFA, a defendant may remove a putative class action if: (1) there are at least 100 putative class members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) there is minimal diversity of citizenship. *See* 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B).

11. Infosys denies Plaintiff's factual allegations and further denies that Plaintiff, or the class he purports to represent, is entitled to the requested damages. Infosys opposes class certification and the merits of Plaintiff's claim. For removal purposes, however, Plaintiff's allegations establish CAFA jurisdiction.

### 1. There Are at Least 100 Putative Class Members

12. Plaintiff alleges that Infosys did not disclose the wage scale or salary range in its job postings. *See, e.g.,* Complaint at ¶¶21, 22. From these allegedly deficient job postings, Infosys received in excess of 1,000 job submissions for job openings in the State of Washington between January 1, 2023, and June 24, 2025. Declaration of Joanne Polanowski in Support of Notice of Removal ("Polanowski Decl.") at ¶5. Further, more than 100 individuals applied to jobs with Infosys in the State of Washington between January 1, 2023, and June 24, 2025. *Id.* Infosys, therefore, satisfies CAFA's requirement to establish more than 100 putative class members.

### 2. The Aggregate Amount in Controversy Exceeds $5 Million

13. To remove under CAFA, a removing party may aggregate the claims of the putative class to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The removing party bears the burden to establish the amount in controversy; there is no presumption against removal for cases removed under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining there is "no

NOTICE OF REMOVAL - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

antiremoval presumption" in CAFA cases; Congress enacted CAFA to expand access to federal court); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.").

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. A removing party may rely on reasonable assumptions. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (quotations and citations omitted).

15. Here, Plaintiff's first cause of action is based on the assumption that Infosys did not disclose the wage scale or salary range in its job postings seeking Washington workers since January 1, 2023. Complaint at ¶¶21, 22, 39, 48-49. For each person applying to the allegedly deficient job posting, Plaintiff seeks $5,000 in statutory damages. *Id.* at ¶¶38, 52, 55.

16. Infosys received more than 1,000 job submissions between January 1, 2023, and June 24, 2025, for Washington State job postings. Polanowski Decl. at ¶5. Accordingly, Plaintiff puts at least $5,000,000 in controversy (1,001 x $5,000 = $5,005,000).

17. Plaintiff also requests an attorneys' fees award. Complaint at ¶¶38, 53, 56. Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018). For purposes of removal, the Ninth Circuit has held that a 25% recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled in irrelevant part by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

18. Plaintiff's request for attorneys' fees, therefore, places an additional $1,251,250 in controversy (25% of $5,005,000). Complaint at ¶¶338, 53, 56. Further, the Emery Reddy law firm

NOTICE OF REMOVAL - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

recently received approval of a $1,121,000 fee award in an EPOA class action. Nelson Decl. at Ex. C.

19.     Overall, Plaintiff places more than $5,000,000 in controversy, and Infosys satisfies CAFA's amount-in-controversy requirement.

### 3.     There is Minimal Diversity

20.     CAFA requires the removing party to show that one putative class member is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *see also United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that CAFA broadens diversity jurisdiction for class actions by requiring only minimal diversity).

21.     Infosys's Citizenship. Infosys is, and was at the time of the filing of this action, a citizen of a state other than Washington within the meaning of 28 U.S.C. § 1332(c)(1).

22.     For diversity purposes, a corporation is deemed a citizen "every State and foreign state by which it has been incorporated" and "of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

23.     Infosys is now, and ever since this action commenced has been, a foreign corporation, organized under the laws of the foreign state of India. Polanowski Decl. at ¶3. Thus, for purposes of diversity jurisdiction, Defendant is a citizen of India.

24.     Further, as shown below, Infosys's principal place of business is, and has been at all times since this action commenced, located in the foreign state of India. *Id.* at ¶4. Thus, for purposes of diversity jurisdiction, Infosys is a citizen of India.

25.     The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend,* 559 U.S. 77, 80–81, 92–93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id.* at 92–93 ("We conclude that 'principal place of business' is best read as referring to the place where a

NOTICE OF REMOVAL - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

corporation's officers direct, control, and coordinate the corporation's activities"); *see also Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092–93 (9th Cir. 1990) (holding that the "nerve center" is where "its executive and administrative functions are performed").

26. Under the "nerve center" test, India emerges as Infosys's principal place of business. Infosys's corporate headquarters are located in Bengaluru, India, where Infosys's high-level officers direct, control, and coordinate its activities. Polanowski Decl. ¶4. Infosys's high-level corporate officers maintain offices in Bengaluru, and many of Infosys's corporate-level functions are performed in Bengaluru. *Id.* Additionally, many of Infosys's executive and administrative functions, including corporate finance and accounting, are directed from the Bengaluru headquarters. *Id.*

27. Therefore, for purposes of diversity of citizenship, Infosys is, and has been at all times since this action commenced, a citizen of foreign state of India. 28 U.S.C. § 1332(c)(1).

28. <u>Diverse Citizenship of a Putative Class Member.</u> A person's citizenship is determined by their domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *Id.* A person's residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

29. Here, Plaintiff alleges that he resides in Washington State. Complaint at ¶15.

30. Because Plaintiff is a citizen of Washington and Defendant is a citizen of India, minimal diversity exists for purposes of CAFA.

**B.     Diversity Jurisdiction**

    1.     <u>Citizenship</u>

31. <u>Plaintiff's Citizenship</u>. As described above, Plaintiff alleges that he resides in Washington State. Complaint at ¶15.

32. <u>Defendant's Citizenship</u>. As described above, Infosys is a citizen of India. Polanowski Decl. at ¶¶3, 4.

NOTICE OF REMOVAL - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

33. Accordingly: (a) Infosys is a citizen of India; and (b) Plaintiff is a citizen of Washington. Therefore, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

2. Amount in Controversy

34. The amount in controversy is the "estimate of the entire potential amount at stake in the litigation." *Jauregui v. Roadrunner Transp. Servs., Inc.,* 28 F.4th 989, 994 (9th Cir. 2022) (emphasis omitted). It includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC,* 840 F.3d 644, 648 (9th Cir. 2016).

35. Under 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000. By the statements contained in this Notice of Removal, Infosys does not concede that Plaintiff is entitled to any damages.

36. <u>Statutory Damages.</u> Plaintiff seeks $5,000 in statutory damages. Complaint at ¶¶38, 52, 55.

37. <u>Attorneys' Fees.</u> Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413 (9th Cir. 2018). To meet its burden of establishing the amount in controversy by a preponderance of the evidence, *see Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793 (9th Cir. 2018), the removing party may estimate "anticipated but unaccrued" attorneys' fees at the time of removal. *Gonzales,* 840 F.3d at 649 n.2. To do so, a removing party may estimate the plaintiff's counsel's potential recovery, *e.g.,* billing rate and the amount of time required by the case. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.,* No. MDL 2672 CRB (JSC), 2019 WL 957578, at *7-8 (N.D. Cal. Feb. 27, 2019) (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Adkins v. J.B. Hunt Transp., Inc.,* 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) (quotation omitted).

NOTICE OF REMOVAL - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

38.     In this case, Plaintiff seeks recovery of his attorneys' fees. Complaint at ¶¶38, 53, 56. Infosys has a good faith belief that if Plaintiff is successful in this action, he will seek an attorneys' fee award in excess of $75,000. The Ninth Circuit estimates employment cases at 100 or more hours. *Adkins v. J.B. Hunt Transp., Inc.,* 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018); *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014); *Sasso v. Noble Utah Long Beach,* LLC, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015).

39.     This estimate is consistent with Plaintiff's counsel's declaration in a recent employment case where counsel reported that he individually incurred 113.4 hours, and that his billing rate is $725/hour. *See* Nelson Decl. at Ex. D. In that case, Plaintiff's counsel requested over $82,000 related to his own time and $125,852.50 in fees for all timekeepers at his firm. Thus, based on the conservative estimate of 100 hours, *see Adkins*, 293 F. Supp. 3d at 1148, and multiplied by Plaintiff's counsel's hourly rate of $725, the attorney fee amount in controversy in this matter will more likely than not exceed $75,000.

40.     <u>Service Award.</u> In a recent EPOA class action which included Plaintiff's counsel, counsel sought and received a $20,000 class representative service award for the named plaintiff. *Id.* at Ex. C.

41.     <u>Summary.</u> Plaintiff alleges well over $75,000 in damages in the aggregate, taking into account statutory damages ($5,000), attorneys' fees to Plaintiff (>$75,000), and a service award to Plaintiff ($5,000 - $20,000).

### IV.     ACTION REMOVABLE

42.     Removal under 28 U.S.C. § 1441 is proper because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff initially filed the action in federal court.

43.     Infosys is removing this action to the Seattle Division of this Court because Plaintiff alleges that his claims arose in King County. Complaint at ¶13. The Seattle Division of this Court

NOTICE OF REMOVAL - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

"embrac[es] the place where [the state court] action is pending," and is, therefore, the appropriate court for removal. 28 U.S.C. § 1441(a).

44. Infosys filed this Notice of Removal with the Court within thirty days after receipt by Infosys of the Complaint, in accordance with 28 U.S.C. § 1446(b)(1) ("The notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant").

45. Infosys will promptly give written notice of the filing to Plaintiff and will promptly file a copy of the Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## V.   PLEADINGS FILED

46. Infosys attached copies of all process, pleadings, and orders from the State Court Action to the Nelson Declaration filed with this Notice of Removal.

Respectfully submitted this June 26, 2025.

SEYFARTH SHAW LLP

By: */s/Kyle D. Nelson*
Kyle D. Nelson, WSBA No. 49981
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone:   (206) 946-4910
Email:    knelson@seyfarth.com

*Counsel for Defendant*

NOTICE OF REMOVAL - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**CERTIFICATE OF SERVICE**

I hereby declare that on this 26th day of June, 2025, I caused a copy of *Notice of Removal* to be filed via ECF e-filing system and emailed to the following:

> Timothy W. Emery, WSBA No 34078
> Patrick B. Reddy, WSBA No. 34092
> Paul Cipriani, WSBA No. 59991
> Hannah M. Hamley, WSBA No. 59020
> Emery Reddy, PLLC
> 600 Stewart Street, Suite 1100
> Seattle, WA 98101
> P: (206) 442-9106
> emeryt@emeryreddy.com
> reddyp@emeryreddy.com
> paul@emeryreddy.com
> hannah@emeryreddy.com
>
> *Attorneys For Plaintiff*

By: *s/ Jonathan Henley*
Jonathan Henley, Legal Secretary

NOTICE OF REMOVAL - 10

Seyfarth Shaw LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910