Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| JOHN MILITO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INFOSYS LIMITED, a foreign profit corporation doing business as INFOSYS TECHNOLOGIES LIMITED; and DOES 1¬20, as yet unknown Washington entities,<br><br>Defendants. | Case No. 2:25-cv-01204-JNW<br><br>**ANSWER TO CLASS ACTION COMPLAINT FOR DISCRIMINATION**<br><br>*[Removed from the Superior Court of the State of Washington in and for the County of King, Case No. 25-2-16711-9 SEA]* |

## ANSWER TO COMPLAINT

Defendant Infosys Limited ("Defendant") answers Plaintiff John Milito's ("Plaintiff") Class Action Complaint for Discrimination ("Complaint") in the below paragraphs, which correspond with the numbered paragraphs in Plaintiff's Complaint.

### I.   NATURE OF THE EPOA

1. To the extent Paragraph 1 includes any factual allegations about Defendant that require a response, Defendant denies the allegations of Paragraph 1, denies any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

DEFENDANT'S ANSWER TO CLAS ACTION COMPLAINT FOR DISCRIMINATION

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

2. The allegations in Paragraph 2 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiff's statement of law in Paragraph 2 is complete, and further states that the relevant statutes speak for themselves.

3. The allegations in Paragraph 3 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiff's statement of law in Paragraph 3 is complete, and further states that the relevant statutes speak for themselves.

4. The allegations in Paragraph 4 purport to reference a document, which speaks for itself. To the extent Paragraph 4 includes any factual allegations about Defendant that require a response, Defendant denies the allegations of Paragraph 4, denies any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

5. The allegations in Paragraph 5 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiff's statement of law in Paragraph 5 is complete, and further states that the relevant statutes speak for themselves.

6. The allegations in Paragraph 6 purport to reference a document, which speaks for itself. To the extent Paragraph 6 includes any factual allegations about Defendant that require a response, Defendant denies the allegations of Paragraph 6, denies any violation of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

7. The allegations in Paragraph 7 purport to reference a document, which speaks for itself. To the extent Paragraph 7 includes any factual allegations about Defendant that require a response, Defendant denies the allegations of Paragraph 7, denies any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

8. The allegations in Paragraph 8 purport to reference a document, which speaks for itself. To the extent Paragraph 8 includes any factual allegations about Defendant that require a

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT FOR DISCRIMINATION - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

response, Defendant denies the allegations of Paragraph 8, denies any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

9. The allegations in Paragraph 9 purport to reference a document, which speaks for itself. To the extent Paragraph 9 includes any factual allegations about Defendant that require a response, Defendant denies the allegations of Paragraph 9, denies any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

10. Admit that Plaintiff purports to bring a class action. Otherwise deny.

11. Admit that Plaintiff seeks injunctive relief. Otherwise deny.

## II.   JURISDICTION AND VENUE

12. Denied.

13. Denied.

14. Denied.

## III.   PARTIES

15. Answering Paragraph 15, Defendant denies that Plaintiff "applied," was an "applicant," or submitted an "application" under RCW § 49.58.110, and therefore, Defendant denies the allegations in Paragraph 15, except that Defendant states they lack sufficient information to admit or deny Plaintiff's residence, and therefore they deny the residency allegation for lack of knowledge. Except as specifically admitted, Defendant denies the allegations of Paragraph 15.

16. Defendant admits that Infosys Limited is a foreign profit corporation. Defendant states that the remaining allegations call for a legal conclusion whether Infosys Limited is subject to the jurisdiction of the Superior Courts of Washington and whether Infosys Limited's business activities rise to the level of transacting business in Washington for purposes of determining

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT FOR DISCRIMINATION - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1 jurisdiction in the Superior Courts of Washington, to which no response is required. To the extent there are remaining allegations, Defendant denies such remaining allegations.

17. Answering Paragraph 17, Defendant lacks knowledge regarding unnamed "Doe" defendants, and therefore, denies all allegations in Paragraph 17 on that basis.

### IV. STATEMENT OF FACTS

18. The allegations in Paragraph 18 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiff's statement of law in Paragraph 18 is complete, and further states that the relevant statutes speak for themselves.

19. The allegations in Paragraph 19 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiff's statement of law in Paragraph 19 is complete, and further states that the relevant statutes speak for themselves.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendant denies that Plaintiff "applied," was an "applicant," or submitted an "application" under RCW § 49.58.110, and therefore, denies the allegations in Paragraph 25.

26. Defendant denies that Plaintiff "applied," was an "applicant," or submitted an "application" under RCW § 49.58.110, and therefore, denies the allegations in Paragraph 26.

27. Denied.

28. Denied.

29. The allegations in Paragraph 29 pertain to unauthenticated documents. Defendant, therefore, lacks sufficient knowledge to admit or deny the allegations about the unauthenticated documents, and therefore, denies all allegations in Paragraph 29.

30. Denied.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DISCRIMINATION - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

Case 2:25-cv-01204-JNW    Document 7    Filed 07/03/25    Page 5 of 10

31. Denied.

32. Denied.

33. Deny the first sentence in Paragraph 33. The remaining allegations in Paragraph 33 are statements of law which require no response. To the extent an answer is required, Defendant denies that Plaintiff's statement of law in Paragraph 33 is complete, and further states that the relevant statutes speak for themselves.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Paragraph 38 is a statement of the relief Plaintiff seeks which contains no factual allegations. To the extent Paragraph 38 includes any factual allegations that require a response, Defendant denies the allegations of Paragraph 38, denies any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

## V.    CLASS ACTION ALLEGATIONS

39. Paragraph 39 is a definition of the putative class which requires no response. To the extent Paragraph 39 includes any factual allegations that require a response, Defendant denies the allegations of Paragraph 39, denies any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

40. Paragraph 40 is a definition of the putative class which requires no response. To the extent Paragraph 40 includes any factual allegations that require a response, Defendant denies the allegations of Paragraph 40, denies any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

COMPLAINT FOR DISCRIMINATION - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

41. The first sentence of Paragraph 41 is vague and ambiguous to the extent it uses the phrase "potentially dozens," and therefore, Defendant denies the first sentence of Paragraph 41 on that basis. Otherwise, deny.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## VI.    CAUSE OF ACTION
## FIRST CAUSE OF ACTION
## VIOLATION OF RCW 49.58.110
*Claim of Relief for Plaintiff and the Class*

47. Defendant incorporates by reference its answers to Complaints 1 through 46 above.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Paragraph 52 is a statement of the relief Plaintiff seeks which contains no factual allegations. To the extent Paragraph 52 includes any factual allegations that require a response, Defendant denies the allegations of Paragraph 52, denies any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

53. Paragraph 53 is a statement of the relief Plaintiff seeks which contains no factual allegations. To the extent Paragraph 53 includes any factual allegations that require a response, Defendant denies the allegations of Paragraph 53, denies any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff is entitled to any relief whatsoever.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT FOR DISCRIMINATION - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

## VII. REQUEST FOR RELIEF

54. Answering Plaintiff's Request for Relief (Complaint, Paragraphs 54-61), Defendant denies that Plaintiff is entitled to recover any of the relief requested or any relief whatsoever.

## VIII. DEFENSES AND AFFIRMATIVE DEFENSES

Defendant alleges the following as separate affirmative defenses without assuming the burden of proof, where such burden is otherwise on the Plaintiff under applicable law. To the extent necessary, Defendant's responses to the allegations above shall be designated as defenses or affirmative defenses. Defendant reserves the right, after investigation and discovery, to assert additional affirmative and other defenses.

1. The Complaint, individually and on behalf of a purported class, fails to state a claim upon which relief may be granted, including because Plaintiff has failed to allege all elements of a claim under the Equal Pay and Opportunities Act.

2. The Complaint's claim on behalf of the purported class is barred by the failure to meet all of the mandatory requirements of CR 23. Specifically, but without limitation, (a) Plaintiff's claims are not typical of those, if any, of the purported class; (b) Plaintiff is an inadequate representative of the purported class; (c) individual (rather than common) questions of law and fact predominate; (d) a class action is not superior to other available methods for adjudicating this controversy; and (e) this case is not manageable as a class action.

3. The injuries alleged by Plaintiff, individually and on behalf of a purported class, are speculative statements of future harm.

4. Defendant was not the proximate cause of the injuries alleged by Plaintiff.

5. To the extent Plaintiff suffered damages, they were caused by Plaintiff and Defendant is not responsible for such damages. Plaintiff's claims are barred by assumption of the risk.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DISCRIMINATION - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

6. The damages requested by Plaintiff are excessive, violate Defendant's due process rights, and are punitive damages that are contrary to Washington public policy. Plaintiff's claims are barred because an award in his favor would be unjust enrichment.

7. To the extent Plaintiff applied for jobs with Defendant, he cannot establish, as an element of his claim, that he was a bona fide or good faith applicant.

8. Plaintiff was not an "applicant" within the meaning of Wash. Rev. Code § 49.58.110.

9. To the extent Plaintiff is an "applicant" within the meaning of Wash. Rev. Code § 49.58.110, he is only an "applicant" for the specific job posting to which he applied, and not for all of Defendant's Washington State job postings during the alleged class period. Therefore, he is not permitted to bring claims on behalf of other job postings, and he lacks standing as to other job postings.

10. Plaintiff's claims are barred by the doctrines of unclean hands and fraud.

11. Wash. Rev. Code § 49.58.110 violates the Dormant Commerce Clause to the United States Constitution.

12. Statutory damages under RCW § 49.58.110(5)(a) (which Defendant denies are awardable because they deny any violations of Washington law, denies that this matter may be maintained as a class action, and denies that Plaintiff and/or the putative class is entitled to any relief whatsoever) range between $100 and $5,000 per alleged violation, rather than the $5,000 sought by Plaintiff.

Defendant's affirmative and other defenses are asserted to both Plaintiff's individual claims and to the claims of any and all purported class members. Defendant reserves the right to amend this Answer or add other affirmative defenses as necessary as the case progresses.

## IX. REQUEST FOR RELIEF

Having fully answered the allegations contained in the Complaint and asserted affirmative defenses, Defendant requests the following relief:

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DISCRIMINATION - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1  A. Dismissal of the Complaint in its entirety with prejudice;

2  B. Entry of judgment in Defendant's favor;

3  C. An award to Defendant for its costs and attorneys' fees incurred in defending this lawsuit to the maximum extent permitted by law; and

5  D. An award to Defendant of such other and further relief as the Court may deem just and proper.

Respectfully submitted this 3rd day of July, 2025.

SEYFARTH SHAW LLP

By: /s/Kyle D. Nelson
Kyle D. Nelson, WSBA No. 49981
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone:  (206) 946-4910
Email:  knelson@seyfarth.com

*Counsel for Defendant*

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DISCRIMINATION - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2025, I have caused a true and correct copy of the foregoing to be filed via the CM/ECF system, and to be served upon the following, via the method(s) indicated below:

| | |
|---|---|
| Timothy W. Emery, WSBA No 34078<br>Patrick B. Reddy, WSBA No. 34092<br>Paul Cipriani, WSBA No. 59991<br>Hannah M. Hamley, WSBA No. 59020<br>Emery Reddy, PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>P: (206) 442-9106<br>Email:<br>emeryt@emeryreddy.com<br>reddyp@emeryreddy.com<br>paul@emeryreddy.com<br>hannah@emeryreddy.com | ☐ via U.S. Mail, Postage Prepaid<br>☐ via Messenger Service<br>☒ via USDC Western WA CM/ECF<br>☐ via Email: |

*Attorneys for Plaintiff*

DATED this 3rd day of July, 2025, at Seattle, Washington.

*/s/Kyle D. Nelson*
Kyle D. Nelson, Attorney

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DISCRIMINATION - 9
318888352v.1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910